**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOHN SHAPIRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00214-AGF |
| | ) | |
| JOY CAMPANELLI, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Self-represented Plaintiff John Shapiro brings this civil action for alleged violations of the

Fourteenth Amendment, seeking one million dollars. ECF No. 1. The matter is now before the

Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment

of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial

information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28

U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his

Complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this case for

failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis*

if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. When reviewing a

complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Background**

**I.      The Complaint**

Plaintiff's short Complaint names the defendant in the caption as "Joy Campanelli" and states only:

1.   Upon information and belief, Defendant conspired with others, which violated Fourteenth Amendment Rights.

2.   Plaintiff demands $1 Million against Defendant.

ECF No. 1.

**II.      Plaintiff's Other Federal Court Filings**

An independent review of the Public Access to Court Electronic Records (PACER) database indicates that Plaintiff has filed over forty (40) cases in federal district courts across the

country against defendant Joy Campanelli.  For example, in the United States District Court for the Western District of Missouri, Plaintiff filed the same documents—a one-page, two-sentence Complaint against defendant Joy Campanelli and a motion to proceed *in forma pauperis*—with the same signing date as the documents filed in this matter (December 1, 2025).  *Shapiro v. Campanelli*, No. 2:25-cv-04294-BP (W.D. Mo. filed Dec. 23, 2025); *see also* ECF Nos. 1, 2.  The Western District Court dismissed Plaintiff's case under § 1915(e)(2)(B), finding Plaintiff's complaint frivolous because it failed to provide any facts in support of his claim.  *Id.* at ECF No. 2 (issued Jan. 2, 2026).

### Discussion

Similarly, the Court here will also dismiss Plaintiff's Complaint under § 1915(e)(2)(B).  The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner.  *See* Fed. R. Civ. P. 8, 10.  Even self-represented litigants are obligated to abide by these Rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Nowhere in the Complaint before the Court does Plaintiff set forth a short and plain statement of what he claims entitles him to relief as required by Rule 8 of the Federal Rules.

Furthermore, Plaintiff's Complaint fails to identify any facts which would give rise to any action against the named defendant.  Although the Court is required to give Plaintiff's Complaint the benefit of a liberal construction, the Court will not create facts or construct legal claims.  *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff).  Plaintiff does not even identify who Defendant Campanelli is or the nature of his contact with her.  In fact, the Complaint alleges only that Campanelli violated someone's Fourteenth Amendment rights—not necessarily Plaintiff's rights.  As a self-represented, non-attorney party, Plaintiff cannot bring legal claims on behalf of others.  *See Warth*

*v. Seldin*, 422 U.S. 490, 499 (1975) (discussing how to generally satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").  Because the Complaint does not provide any evidence of a constitutional violation by Defendant Campanelli nor detail facts which would plausibly notify Defendant Campanelli of the claims against her, this case must be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to Defendant Joy Campanelli because the Complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against Defendant Joy Campanelli are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of April, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE